IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JOE L. HUNTER,

                  Petitioner,

    v.                              CASE NO. 06-3241-SAC

ROGER WERHOLTZ, et al.,

                  Respondents.

**O R D E R**

Petitioner proceeds pro se on a petition for writ of habeas corpus under 28 U.S.C. § 2254. Having reviewed the financial information provided by petitioner, the court grants petitioner's motion for leave to proceed in forma pauperis under 28 U.S.C. § 1915.

Petitioner seeks habeas corpus review on three claims. Citing Apprendi v. New Jersey, 530 U.S. 466 (2000), petitioner first claims the sentencing court's use of petitioner's criminal history to enhance petitioner's state sentence violated petitioner's constitutional rights. Second, petitioner claims his arrest on April 21, 2004, was illegal.[1] And third, petitioner claims the complaint filed against him on April 26, 2004, was defective and the result of vindictive prosecution and an abuse of governmental power.

Petitioner states he fully exhausted state court remedies on

---

[1] Petitioner is advised that Stone v. Powell, 428 U.S. 465, 494 (1976), precludes petitioner from raising a Fourth Amendment claim on collateral review if he had a full and fair opportunity to litigate that issue in state court.

his first claim by presenting it to the Kansas appellate courts in his direct appeal. Petitioner indicates, however, that he is currently seeking state habeas corpus relief under K.S.A. 60-1501 on his second and third claims.

It is settled that federal courts generally should not review habeas corpus claims until a state prisoner exhausts available state court remedies on all claims presented in the habeas petition. Picard v. Connor, 404 U.S. 270, 275 (1971). This requirement is met when the state courts have had the opportunity to consider the same claims presented to the federal court, or when the petitioner has no state remedy. Miranda v. Cooper, 967 F.2d 392, 398 (10th Cir.), cert. denied, 506 U.S. 924 (1992). If a petition contains a mixture of exhausted and unexhausted claims, the "mixed" petition should be dismissed by a federal district court. See Rose v. Lundy, 455 U.S. 509, 510, 522 (1982)(federal courts generally precluded from adjudicating "mixed" habeas petitions containing both exhausted and unexhausted claims). Accordingly, a habeas petitioner who files a "mixed" petition in federal court has the option to (1) dismiss the unexhausted claims and proceed with the exhausted claims, or (2) dismiss without prejudice the entire petition and file a habeas petition in the future after fully exhausting state court remedies concerning all of his habeas claims.

Petitioner thus is entitled to dismiss his two unexhausted claims (Claims 2 and 3) and proceed herein on the single claim (Claim 1) that has been fully exhausted in the state courts. Petitioner may do so by filing an amended petition that contains no unexhausted claims. Petitioner is advised however that federal habeas review of any claims dropped from the instant petition could

2

be foreclosed if petitioner later seeks federal habeas review of those claims and the Tenth Circuit Court of Appeals denies authorization to proceed on a second or successive petition. *See* 28 U.S.C. § 2244(b)(3)(procedure for seeking authorization from court of appeals to file second or successive 2254 petition in district court).

Alternatively, petitioner is entitled to voluntarily dismiss this entire action without prejudice, and to re-file a § 2254 application after fully exhausting state court remedies on all claims. Any re-filing of the petition, however, must be within the one year limitation period imposed on an applicant seeking federal habeas relief based on alleged constitutional error in a state court judgment.[2]

This one year limitation generally runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). In the present case, the Kansas Supreme Court denied relief on petitioner's sentencing claim on April 28, 2006, and petitioner's conviction became "final" 90 days thereafter upon expiration of the time in which petitioner could have sought further review by the United States Supreme Court. *See* Locke v. Saffle, 237 F.3d 1269, 1271 (10th Cir. 2001)(A "judgment is not final and the one-year limitation period for filing federal post-conviction relief does not begin to run until after the United States Supreme Court

---

[2] Because it appears the circumstances would allow petitioner the opportunity to re-file a petition within the § 2244(d)(1) limitations period, the court finds no stay of this matter is warranted. *See* Pliler v. Ford, 542 U.S. 225 (2004) (O'Connor, J., concurring)(discussing stay-and-abeyance by the district court).

has denied review, or, if no petition for certiorari is filed, after the time for filing a petition for certiorari to the United States Supreme Court has passed.").

The running of this one year limitations period is tolled while a properly filed state post-conviction proceeding and appeal therefrom is pending in the state courts. *See* 28 U.S.C. § 2244(d)(2)(tolling of limitations period for properly filed state court action). If petitioner's pending state habeas action is such a properly filed state action, then the running of the limitations period is tolled until that action is no longer pending before the state courts. At that time, the limitations period would resume running, and petitioner would be required to re-file his petition in a timely manner.

The court thus finds that absent amendment of the petition to assert only the one fully exhausted claim (Claim 1), or petitioner's filing of a motion for the voluntary dismissal of this action, this "mixed" petition is subject to being dismissed without prejudice to allow petitioner to fully exhaust state court remedies on all three claims asserted in the petition.

IT IS THEREFORE ORDERED that petitioner is granted leave to proceed in forma pauperis.

IT IS FURTHER ORDERED that petitioner is granted thirty (30) days to file an amended petition or to file a motion to voluntarily dismiss the petition, and that the failure to do either will result in petitioner's "mixed" petition being dismissed without prejudice to allow petitioner to fully exhaust state court remedies on all claims asserted in the petition.

IT IS FURTHER ORDERED that petitioner's motion for appointment

of counsel (Doc. 4) is denied without prejudice.

**IT IS SO ORDERED.**

DATED:  This 25th day of September 2006 at Topeka, Kansas.


 s/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge