# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| JOE L. HUNTER, ) | |
| ) | |
| Petitioner, ) | |
| ) | CIVIL ACTION |
| v. ) | |
| ) | No. 06-3241-KHV |
| ROGER WERHOLTZ, ) | |
| Secretary of Corrections, et al., ) | |
| ) | |
| Respondents. ) | |
| ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on petitioner's Amended Petition Under 28 U.S.C. § 2254 For Writ Of Habeas Corpus By A Person In State Custody (Doc. #8) filed October 12, 2006. After carefully considering the parties' briefs, the Court overrules petitioner's motion.

## Factual Background

On September 28, 2004, in the District Court of Sedgwick County, Kansas, petitioner pled no contest to one count of aggravated battery on a law enforcement officer in violation of K.S.A. § 21-3415(a)(2) and one count of obstructing official duty in violation of K.S.A. § 21-3808. On February 9, 2005, the district court sentenced petitioner to 38 months in prison for aggravated battery and 12 months in county jail for obstruction, with the terms to run consecutively.[1]

---

[1] Under the Kansas Sentencing Guidelines Act, K.S.A. § 21-4701 et seq., the district court considers prior convictions and determines a criminal history score, which is a letter designation along the horizontal axis of the statutory sentencing grid; the vertical axis of the grid indicates the severity of the crime. See State v. Ivory, 273 Kan. 44, 45, 41 P.3d 781, 782 (2002). Except in limited circumstances, the Kansas Sentencing Guidelines require a sentencing judge to "impose the presumptive sentence provided by the sentencing guidelines." K.S.A. § 21-4716(a) (2005 Supp.).

(continued...)

On March 2, 2005, petitioner filed a notice of appeal. On appeal, plaintiff argued that (1) the district court abused its discretion in overruling his motion for downward departure and imposing consecutive sentences and (2) the district court violated his constitutional rights by using his prior criminal history without a finding by a jury beyond a reasonable doubt. On April 28, 2006, the Kansas Supreme Court affirmed in part and dismissed in part petitioner's appeal. The Kansas Supreme Court held as follows:

> Hunter first contends the district court abused its discretion by denying his motion for downward departure and imposing consecutive sentences. Hunter received a presumptive sentence of 38 months for his felony conviction. Further, imposition of consecutive sentences is not an appealable issue. We are without jurisdiction to consider these issues. See K.S.A. 21-4721(c)(1); State v. Flores, 268 Kan. 657, 660, 999 P.2d 919 (2000); State v. Ware, 262 Kan. 180, Syl. ¶ 3, 938 P.2d 197 (1997).
>
> Hunter next contends the use of his prior criminal history, without putting it to a jury and proving it beyond a reasonable doubt, increased the maximum possible penalty for his felony conviction, in violation of Apprendi v. New Jersey, 530 U.S. 466, 120 S. Ct. 2348, 147 L.Ed.2d 435 (2000). This issue has already been decided adversely to Hunter and is without merit. See State v. Hitt, 273 Kan. 224, 42 P.3d 732 (2002), cert. denied 537 U.S. 1104, 123 S. Ct. 962, 154 L.Ed.2d 772 (2003); State v. Ivory, 273 Kan. 44, 41 P.3d 781 (2002).

State v. Hunter, 132 P.3d 958, 2006 WL 1147734, at *1 (Kan. Apr. 28, 2006).

On August 30, 2006, petitioner timely filed his motion pursuant to 28 U.S.C. § 2254. On October 12, 2006, after the Court notified petitioner that his motion contained unexhausted claims, petitioner filed an amended petition. In the amended petition, petitioner asserts a single claim that the

---

[1](...continued)
Here, petitioner challenges only the sentence on the aggravated battery count. In determining petitioner's sentence, the district court calculated petitioner's criminal history score as "C" based on his prior adult criminal convictions. The presumptive sentencing range on the aggravated battery count was 34 to 38 months in prison.

District Court of Sedgwick County erred in calculating his criminal history score by the use of prior convictions without a jury finding beyond a reasonable doubt as to the convictions.

## Standards For Habeas Petitions Under 28 U.S.C. § 2254

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. 104-32, 110 Stat. 1214, (codified in relevant part at 28 U.S.C. § 2254), governs the Court's review in this case. Under Section 2254, as amended by the AEDPA, the Court may not issue a writ of habeas corpus with respect to any claim which the state court adjudicated on the merits unless that adjudication resulted in a decision:

> (1) . . . that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) . . . that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1)-(2). Under the "contrary to" clause, the Court may issue a writ of habeas corpus only if (1) the state court arrived at a conclusion opposite to that reached by the United States Supreme Court on a question of law, or (2) the state court decided the case differently than the Supreme Court on a set of materially indistinguishable facts. Williams v. Taylor, 529 U.S. 362, 405-06 (2000). Under the "unreasonable application" clause, the Court may grant habeas relief if the state court "correctly identifie[d] the governing legal rule but applie[d] it unreasonably to the facts of a prisoner's case." Id. at 407-08. The Court may not issue a writ simply because in its independent judgment, it concludes that the state court applied clearly established federal law erroneously or incorrectly; the application must have been objectively unreasonable. Id. at 409-11.

## Analysis

Petitioner claims that the rulings of the Sedgwick County District Court and the Kansas Supreme Court violate his rights under the Sixth and Fourteenth Amendments to the United States Constitution. On direct appeal, the Kansas Supreme Court held as follows:

> Hunter next contends the use of his prior criminal history, without putting it to a jury and proving it beyond a reasonable doubt, increased the maximum possible penalty for his felony conviction, in violation of Apprendi v. New Jersey, 530 U.S. 466, 120 S. Ct. 2348, 147 L.Ed.2d 435 (2000). This issue has already been decided adversely to Hunter and is without merit. See State v. Hitt, 273 Kan. 224, 42 P.3d 732 (2002), cert. denied 537 U.S. 1104, 123 S. Ct. 962, 154 L.Ed.2d 772 (2003); State v. Ivory, 273 Kan. 44, 41 P.3d 781 (2002).

State v. Hunter, 132 P.3d 958, 2006 WL 1147734, at *1 (Kan. Apr. 28, 2006). Petitioner argues that this ruling is contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States. In particular, petitioner maintains that under Apprendi v. New Jersey, 530 U.S. 466 (2000), the state must charge in an indictment and prove to a jury the facts related to a prior conviction.

Under the Kansas Sentencing Guidelines, criminal history is not an enhancement, but is built into the calculation of a presumptive sentence. State v. Ivory, 273 Kan. at 46, 41 P.3d at 782. In Almendarez-Torres v. United States, 523 U.S. 224 (1998), the Supreme Court created an explicit exception to Apprendi and its progeny by allowing a judge to determine a fact of prior conviction without violating defendant's Sixth Amendment rights. United States v. Taylor, 413 F.3d 1146, 1158 n.5 (10th Cir. 2005), cert. denied, 127 S. Ct. 228 (2006). In Almendarez-Torres, the Supreme Court held that because recidivism "is a traditional, if not the most traditional, basis for a sentencing court's increasing an offender's sentence," 523 U.S. at 243, and "as typical a sentencing factor as one might imagine," 523 U.S.

at 230, the Constitution does not require the government to charge or prove to a jury either the existence of prior convictions or certain facts related to those convictions such as their classification as "violent felonies." United States v. Moore, 401 F.3d 1220, 1221 (10th Cir. 2005); see United States v. Pineda-Rodriguez, 133 Fed. Appx. 455, 457-58 (10th Cir. May 4, 2005). Under Almendarez-Torres, a district court can make findings with respect to a defendant's criminal history, be they findings as to the fact of the prior convictions or the nature of those convictions. United States v. Williams, 410 F.3d 397, 402 (7th Cir. 2005); see Pineda-Rodriguez, 133 Fed. Appx. at 458-59.[2] In sum, the state was not required to charge or prove to a jury the facts related to defendant's prior convictions. See Moore, 401 F.3d at 1221. Accordingly, the Court overrules petitioner's motion for a writ of habeas corpus.

**IT IS THEREFORE ORDERED** that petitioner's Amended Petition Under 28 U.S.C. § 2254 For Writ Of Habeas Corpus By A Person In State Custody (Doc. #8) filed October 12, 2006 be and hereby is **OVERRULED**.

---

[2] Shepard v. United States, 544 U.S. 13 (2005), did not overrule Almendarez-Torres. In a concurring opinion in Shepard, Justice Thomas noted that Almendarez-Torres "has been eroded by this Court's subsequent Sixth Amendment jurisprudence, and a majority of the Court now recognizes that Almendarez-Torres was wrongly decided." Shepard, 544 U.S. at 28. Despite Justice Thomas' statement, the Court is bound to continue to follow Almendarez-Torres. See Moore, 401 F.3d at 1224. The Tenth Circuit has held that Shepard, United States v. Booker, 534 U.S. 220 (2005), Blakely v. Washington, 542 U.S. 296 (2004), and Apprendi have left undisturbed the holding of Almendarez-Torres. See Williams, 410 F.3d at 402; Moore, 401 F.3d at 1221, 1224; Pineda-Rodriguez, 133 Fed. Appx. at 458 n.5. Until the Supreme Court overrules Almendarez-Torres, the Court is bound to find that the exception in Apprendi based on Almendarez-Torres and extended to the guidelines in Booker remains good law. Moore, 401 F.3d at 1224; see United States v. Wilfong, --- F.3d ----, 2007 WL 355311, at *6 (10th Cir. Feb. 6, 2007); United States v. Chavez-Avila, No. 06-4169, 2007 WL 293530, at *1 (10th Cir. Feb. 2, 2007); United States v. Ocana-Rascon, No. 06-1217, 2006 WL 3530657, at *2 (10th Cir. Dec. 8, 2006).

Dated this 8th day of February, 2007, at Kansas City, Kansas.

                                          s/ Kathryn H. Vratil
                                          KATHRYN H. VRATIL
                                          United States District Judge